# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CITY OF RED OAK, TEXAS et al. | § § § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2761-S |
| | § § | |
| UNITED STATES DEPARTMENT OF AGRICULTURE et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant United States Department of Agriculture's Motion to Dismiss Plaintiffs' First Amended Complaint and Motion to Transfer [ECF No. 35]. For the following reasons, the Court grants in part the Motion and transfers the case to the United States District Court for the Western District of Texas, Austin Division.

### I. BACKGROUND

The Rockett Special Utility District ("Rockett") holds a Certificate of Convenience and Necessity ("CCN") issued by the Public Utility Commission of Texas ("PUC"). *See* First Am. Compl. ¶ 34. The CCN gives Rockett the exclusive rights to provide water services within the certificated area. *See id.* ¶ 16. Here, the certificated area allegedly includes property owned by the Red Oak Industrial Development Corporation ("ROIDC"). *See id.* ¶ 34. Accordingly, on August 19, 2019, ROIDC petitioned the PUC to decertify certain areas within Rockett's CCN. *See id.*; *see also* Br. in Supp. of Mot. to Dismiss and Mot. to Transfer ("Mot.") 4.

In response, on October 16, 2019, Rockett sued the PUC Commissioners in their official capacities in the United States District Court for the Western District of Texas, seeking to enjoin the PUC from decertifying Rockett's CCN and requesting a declaratory judgment that 7 U.S.C. § 1926(b) preempts conflicting provisions in the Texas Water Code ("Western District Case"). *See* Mot. 5. On November 5, 2019, the PUC stayed the CCN decertification proceedings "due to

the pendency of the federal litigation" in the Western District of Texas. *Id.* Shortly thereafter, Red Oak filed the above-captioned lawsuit, seeking to enjoin the USDA from issuing a 7 U.S.C. § 1926(a) loan note guarantee as contrary to USDA regulations and seeking a declaratory judgment regarding same. *Id.* Defendant United States Department of Agriculture filed its Motion to Dismiss and Motion to Transfer on February 14, 2020, which is now fully briefed and before this Court.

## II.     ANALYSIS

"'The first-to-file rule is a discretionary doctrine' that 'rests on principles of comity and sound judicial administration,' animated by the concern to 'avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Strukmyer, LLC v. Infinite Fin. Solutions*, No. 3:13-cv-3798-L, 2013 WL 6388563, at *1 (N.D. Tex. Dec. 5, 2013) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Id.*

To determine whether the issues substantially overlap, courts examine whether core issues are the same or if much of the proof adduced would likely be identical. *Brocq v. Lane*, Civ. A. No. 3:16-CV-2832-D, 2017 WL 1281129, at *2 (N.D. Tex. Apr. 6, 2017) (citing *Int'l Fid. Ins. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677 (5th Cir. 2011)). Although the cases must be "more than merely related," the issues presented and identity of parties in the two cases need not be identical. *Id.* (citation omitted). "In fact, corresponding threshold issues may be sufficient to raise the possibility of substantial overlap." *Id.* (citing *Am. Home Mortg. Servicing, Inc. v. Triad Guar. Ins.*, 714 F. Supp. 2d 648, 650-51 (N.D. Tex. 2010)).

If the second-filed court finds likely substantial overlap, "the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Wells Fargo Bank, N.A. v. W. Coast Life Ins.*, 631 F. Supp. 2d 844, 847 (N.D. Tex. 2009) (citing *Cadle*, 174 F.3d at 606). "The second-filed court transfers, rather than dismisses, so the first-filed court may decide whether to dismiss, stay, transfer, or consolidate the cases." *Brocq*, 2017 WL 1281129, at *3 (citation omitted).

The Court finds a likelihood that the issues in this case and the first-filed Western District Case substantially overlap. Specifically, there are similar threshold issues in both cases that all bear on subject matter jurisdiction. *See* Mot. 10; *see also Rockett Special Utility District v. Shelly Botkin, et al.*, Civ. A. No. 1:19-CV-1007, Mot. to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 21, at 9-12; *Am. Home Mortg. Servicing*, 714 F. Supp. 2d at 650-51. Moreover, both cases appear to involve the same fundamental questions: does Rockett have a Section 1926(a) federal loan,[1] and will that federal loan offer Section 1926(b) protections against the decertification requested by ROIDC? Therefore, pursuant to the first-to-file rule, transfer is warranted to avoid "trench[ing] upon the authority of [our] sister court[]" and "piecemeal resolution of issues that call for a uniform result." *Strukmyer*, 2013 WL 6388563, at *1. The Court further finds that the case does not present sufficiently "compelling circumstances" to prevent the application of the first-to-file rule. *See Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 633 (W.D. Tex. 2018) (citing, among other authorities, *Mission Ins. V. Puritan Fashions Corp.*, 706 F.2d 599, 602-03 (5th Cir. 1983)). For those reasons, the Court transfers this case to the Western District of Texas.

---

[1] In fact, four days after the USDA filed this Motion, ROIDC filed a supplement to its motion to dismiss in the first-filed suit, basing its arguments on the contents of the Motion. *Rockett Special Utility District v. Shelly Botkin, et al.*, Civ. A. No. 1:19-CV-1007, Supp. Mot. to Dismiss, ECF No. 33. Notably, in that supplement, ROIDC admits that this case is "related litigation" to the Western District Case. *See id.* at 1.

3

## III.     CONCLUSION

For the foregoing reasons, the Court grants in part the Motion, and transfers this proceeding to the Western District of Texas, Austin Division.

**SO ORDERED.**

SIGNED May 4, 2020.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**